# 22-2762

**To Be Argued By:**
**JAMES V. SABATINI, ESQ.**

**IN THE
UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

_____

**DAWN PERSECHINO**
*Plaintiff-Appellant,*

**vs.**

**UNITED SERVICES, INC.**
*Defendant-Appellee.*

_____

On Appeal from Judgment of the
United States District Court for the District of Connecticut

═══════════════════════

**BRIEF OF PLAINTIFF – APPELLANT
DAWN PERSECHINO**

═══════════════════════

*Attorney for the Plaintiff-Appellant*
Dawn Persechino:
JAMES V. SABATINI, ESQ.
SABATINI AND ASSOCIATES, LLC
One Market Square
Newington, CT  06111
860-667-0839

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES……………………………………………..…. ii

STATEMENT OF SUBJECT MATTER AND APPELLATE
JURISDICTION……………………………...…………..……..……… 1

STATEMENT OF THE ISSUES…………………………………..…. 2

STATEMENT OF THE CASE………………………………....…. 3

STATEMENT OF FACTS WITH REFERENCES TO THE RECORD.... 3

    A. Undisputed Facts……………………………………….. 3

    B. Heather Victoria………………………………………… 4

    C. Plaintiff's Disability and Her Request for a Reasonable
       Accommodation…………………………………………. 4

    D. Defendant Reduced Plaintiff's Hours………………… 4

SUMMARY OF ARGUMENT……...…………………….…….. 6

STANDARD OF REVIEW……………..…………………….……… 6

ARGUMENT……………………………………………………… 8

    A. Disability Discrimination...………..…………….......……. 8

    B. Failure to Accommodate……..……..…………………… 14

CONCLUSION………………………………………..……………. 19

i

# TABLE OF AUTHORITIES

Cases:                                                                      Page

Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)………….   7

Borkowski v. Valley Cent. Sch. Dist., 63 F.3d 131, 137–38
(2d Cir.1995)……………………………………………………………   16

Cellular Telephone Co. v. Town of Oyster Bay, 166 F.3d 490, 492
(2d Cir.1999)……………………………………………………………..   6

Celotex Corp. v. Catreet, 477 U.S. 317, 322-23 (1986)……………….   7

D'Amico v. City of New York, 132 F.3d 145, 149 (2d.Cir.1998)……….  6

Distasio v. Perkin Elmer Corp., 157 F.3d 55, 61 (2d Cir. 1998)……..  6, 7

Ezikovich v. Commission on Human Rights & Opportunities, supra,
57 Conn.App. at 774, 750 A.2d 494……………………………………..   15

Fox v. Costco Wholesale Corp., 918 F.3d 65, 73 (2d Cir. 2019)……..   15

Freadman v. Metropolitan Property & Casualty Ins. Co., 484 F.3d 91,
102 (1st Cir.2007)…………………………………………………..…   15, 16

Gaither v. Stop & Shop Supermarket Co., LLC, 84 F.Supp.3d 113,
120 (D.Conn.2015)…………………………………………………….   13

Gaul v. Lucent Technologies, Inc., 134 F.3d 576, 580 (3d Cir.1998)…   8

Graham v. Henderson, 89 F.3d 75, 79 (2d Cir.1996)…………………..   6

Hurt v. Donahoe, 2011 WL 10526984 (E.D.N.Y. Feb. 24, 2011)
aff'd, 464 Fed. Appx. 40 (2d Cir. 2012)………………………………..   12

Jaghory v. New York State Dep't of Educ., 131 F.3d 326, 329 (2d
Cir.1997)……………………………………………………………………   7

McBride v. BIC Consumer Prods. Mfg. Co., Inc., 583 F.3d 92,
96-97 (2d Cir. 2009)……………………………………..………………… 15

McMillan v. City of New York, 711 F.3d 120, 125 (2d Cir. 2013)….. 8, 13

Nazario v. Promed Pers. Servs. NY Inc., No. 15-CV-06989 (LGS),
2017 WL 2664202, at n.1 (S.D.N.Y. June 19, 2017)…………………... 15

Peebles v. Potter, 354 F.3d 761,766 (8th Cir. 2004)…………………... 15

Punt v. Kelly Servs., 862 F.3d 1040, 1047-48 (10th Cir. 2017)……….. 15

Rodal v. Anesthesia Group of Onondaga, P. C., 369 F.3d 113, 118
(2d Cir.2004)…………………………………………………………......… 15

Ryan v. Grae & Rybicki, P.C., 135 F.3d 867, 870 (2d Cir. 1998)…….. 10

Samuels v. Mockry, 77 F.3d 34, 36 (2d Cir.1996)……………………….. 7

Sista v.CDC Ixis North America, Inc., 445 F.3d 161, 168-69 (2d
Cir. 2006)……………………………………………………………………. 6, 7

Sivio v. Village Care Max, 436 F.Supp.3d 778, 790-71 (S.D.N.Y.
2020), quoting 42 U.S.C. § 12111(9)……………………………………. 17

Tobin v. Liberty Mutual Ins. Co., 433 F.3d 100, 104 (1st Cir.2005)…... 8

Wernick v. Fed. Reserve Bank of N. Y., 91 F.3d 379, 385 (2d Cir.
1996)………………………………………………………………………..... 17

42 U.S.C. §12101…………………………………………..……………….. 1
42 U.S.C. § 12111(8)…………………………………………………..……. 9
42 U.S.C. § 12111(9)…………………………………………….………… 17
42 U.S.C. § 12112(b)(5)(A)…………………………………………..…… 14
29 C.F.R. § 1630.2(n)……………………………………………………... 11

## <u>STATEMENT OF SUBJECT MATTER AND APPELLATE JURISDICTION</u>

Plaintiff Dawn Persechino asserts the following legal claims: (1) disability discrimination under the ADA Amendments Act of 2008; and (2) failure to accommodate under the ADA Amendments Act of 2008.

The District Court had jurisdiction pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1343 and this action is brought pursuant to The Americans with Disabilities Act Amendments Act of 2008, cited as 42 U.S.C. §12101. The District Court had personal jurisdiction over the Parties and venue is proper under 28 U.S.C. §1391(b) in that a substantial part of the events or omissions giving rise to the claim occurred in the State of Connecticut. The District Court had pendent jurisdiction over the state law claims.

The U.S. Court of Appeals for the Second Circuit has jurisdiction to hear Dawn Persechino's appeal based upon the District Court's order being a final decision.

## <u>STATEMENT OF THE ISSUES</u>

1. Whether the district court erred in granting Defendant's motion for summary judgment as to Plaintiff's sex harassment/hostile work environment claim.

## STATEMENT OF THE CASE

The District Court, Robert A. Richardson, United States Magistrate Judge, granted Defendant's Motion for Summary Judgment on September 30, 2022 and entered judgment in favor of the Defendant for all claims on September 30, 2022. SA038. On October 20, 2022 Plaintiff filed a timely Notice of Appeal of the decision. JA376.

## STATEMENT OF FACTS WITH REFERENCES TO THE RECORD

### A. Undisputed Facts

Defendant employed Plaintiff. (Def. Answer ¶7). Defendant hired Plaintiff on December 5, 2011. (Def. Answer ¶8). Plaintiff's current job position is Adjunct Counselor, Domestic Violence Counselor. (Def. Answer ¶9). United Services admits that Plaintiff requested a modified work schedule. (Def. Answer ¶19). 20. United Services admits that Plaintiff requested not to work third shift at a certain point in her employment. (Def. Answer ¶20). United Services admits that Plaintiff produced a doctor's note in regards to working third shift. (Def. Answer ¶21). United Services admits that it was aware that Plaintiff had a medical condition. (Def. Answer ¶24). United Services admits that it has advertised for a position of Adjunct Counselor. (Def. Answer ¶27).

3

**B. Heather Victoria**

Heather Victoria is Defendant's program director. (Persechino Dep. 38:10-12; P.Ex.1).

**C.  Plaintiff's Disability and Her Request for a Reasonable Accommodation**

Plaintiff suffers from a disability in the form of bipolar disorder. (Persechino Dep. 47:9-21; P.Ex.1, Doctor's Notes; P.Ex.2). According to her doctor's note, Plaintiff absolutely could not work third shift. (Persechino Dep. 60:1-18; P.Ex.1). However, nothing in the note prevents Plaintiff from working second shift. (Persechino Dep. 74:5-17; P.Ex.1).

Defendant has a per diem call list, and if Plaintiff was going to be frozen into a third shift Defendant could obtain coverage for Plaintiff by using that call list. (Persechino Dep. 76:2-16; P.Ex.1). Technically no matter which shift Plaintiff worked she was at risk of getting frozen into the third shift. (Persechino Dep. 77:23-78:1; P.Ex.1). Also, in some circumstances, it is permissible for Defendant's shelter to be closed if there is no coverage for third shift. (Persechino Dep. 21:3-13; P.Ex.1).

**D. Defendant Reduced Plaintiff's Hours**

On or about August 28th of 2017 Plaintiff had a meeting with Heather Victoria, Erica King, and Lauren Pareto. (Persechino Dep. 83:21-85:7;

4

P.Ex.1). Plaintiff's doctor's note was discussed in that meeting. *Id.* Heather Victoria told Plaintiff that Defendant could not accommodate Plaintiff's note and said that Plaintiff was expected to work all three shifts. Id. Heather Victoria made the comment that working third shift was part of Plaintiff's "essential duties." *Id.*

Heather Victoria then told Plaintiff that she would only be working first shift, and that she would not receive many hours. (Persechino Dep. 85:16-25; P.Ex.1). Plaintiff suggested that Defendant put someone on call so that Plaintiff could work second shift and not be frozen into third shift. Id. Plaintiff was told by Heather Victoria that Defendant "could not do that." Id.

Defendant elaborated on why it could not have an employee on call so that Plaintiff could work second shift. (Persechino Dep. 95:4-23; P.Ex.1). Defendant told Plaintiff that what they do for one employee has to be available to other employees and that they cannot play favorites. Id.

Heather Victoria started to send Plaintiff emails stating that Plaintiff was undermining other employees after Plaintiff handed in the second doctor's note explicitly stating that Plaintiff suffers from bipolar disorder. (Persechino Dep. 66:1-25; P.Ex.1).

Ultimately, Plaintiff did work fewer hours and lost income. (W2s; P.Ex.4).

5

## SUMMARY OF ARGUMENT

Plaintiff is a disabled employee who has worked with Defendant since 2011. Plaintiff suffers from bipolar disorder. Plaintiff's physician ordered that she not work third shift because it poses a hazard to her mental health. Plaintiff presented a doctor's note to Defendant informing Defendant of her disability and a request for an accommodation in the form of not working third shift. In response, Defendant removed Plaintiff from third shift and the second shift. This left plaintiff to work 1st shift hours. Working the first shift resulted in less hours and thus less pay.

## STANDARD OF REVIEW

A grant of summary judgment by a district court is reviewed de novo. Sista v.CDC Ixis North America, Inc., 445 F.3d 161, 168-69 (2d Cir. 2006) (citing Cellular Telephone Co. v. Town of Oyster Bay, 166 F.3d 490, 492 (2d Cir.1999); Distasio v. Perkin Elmer Corp., 157 F.3d 55, 61 (2d Cir. 1998) (citing Graham v. Henderson, 89 F.3d 75, 79 (2d Cir.1996). The legal standard with regard to summary judgment is the same as the standard used by the district court. Sista, 445 F.3d at 169. A motion for summary judgment should be granted "where there exists no genuine issue of material fact and, based on the undisputed facts, the moving party is entitled to judgment as a matter of law." D'Amico v. City of New York, 132 F.3d 145, 149 (2d.Cir.1998).

6

"A material fact is one that would 'affect the outcome of the suit under the governing law.'" <u>Sista</u>, 445 F.3d at 169 (citing <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986)). It is the moving party's burden to establish that no genuine issue of material fact exists and judgment should enter as a matter of law. <u>Celotex Corp. v. Catreet</u>, 477 U.S. 317, 322-23 (1986).

To defeat a motion for summary judgment, the non-moving party must present evidence that could be sufficient to return a jury verdict in the non-moving party's favor. <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248-49 (1986). In determining a motion for summary judgment "the non-movant will have his allegations taken as true." <u>Distasio</u>, 157 F.3d at 61 (citing <u>Samuels v. Mockry</u>, 77 F.3d 34, 36 (2d Cir.1996) (per curiam). In reviewing the record, the evidence of the party opposing summary judgment is "to be believed, and all justifiable inferences are to be drawn in [that party's] favor." <u>Anderson</u>, 477 U.S. at 255. All ambiguities should be resolved in favor of the non-moving party. <u>Sista</u>, 445 F.3d at 169 (internal citations omitted). Summary judgment shall be denied if a dispute is shown "over facts that might affect the outcome of the suit." <u>Anderson</u>, 477 U.S. at 248.

Dismissing a legal claim under Rule 12(b)(6) by a district court is reviewed de novo. See <u>Jaghory v. New York State Dep't of Educ.</u>, 131 F.3d

7

326, 329 (2d Cir.1997)(We review a dismissal granted under Rule 12(b)(6) de novo, with all inferences drawn in favor of the nonmoving party.)

## ARGUMENT

### A.    Disability Discrimination

To establish a prima facie case of disability discrimination, plaintiff must prove: (1) she is disabled within the meaning of the law; (2) she was otherwise qualified to perform the essential functions of her job or the job desired, with or without reasonable accommodation; and (3) plaintiff suffered adverse employment action because of her disability. McMillan v. City of New York, 711 F.3d 120, 125 (2d Cir. 2013); Tobin v. Liberty Mutual Ins. Co., 433 F.3d 100, 104 (1st Cir.2005); Gaul v. Lucent Technologies, Inc., 134 F.3d 576, 580 (3d Cir.1998).

As the District Court found, the parties agreed that defendant is an employer subject to the ADA and that plaintiff is disabled within meaning of the ADA.

The parties disagreed on the qualified issue.  Defendant argued that the ability to work all shifts was an essential function of the per diem Adjunct Counselor job and therefore plaintiff was not qualified.  Working all shifts was not an essential function of the per diem Adjunct Counselor job.

8

The term "qualified" with respect to an individual with a disability, means that the individual satisfies the requisite skill, experience, education and other job-related requirements of the employment position such individual holds or desires and, with or without reasonable accommodation, can perform the essential functions of such position. 42 U.S.C. § 12111(8), 29 CFR 1630.2(m).

Per diem employees work on an as-needed basis. In general, per diem work on a flexible schedule. Defendant's job advertisement for the Adjunct Counselor position states, in relevant part, and in bold print, "Choose a shift that best fits your lifestyle." Defendant's written job description states, in relevant part, "[p]roviding temporary program coverage for hours normally covered by a regular employee, which includes availability to work all shifts (1st, 2nd, 3rd), weekends and holidays." The written job description does not identify "being frozen" as an essential function. Being frozen refers to a situation where the employee working second shift is frozen into the third shift. Being frozen was a rare occurrence. Plaintiff was only frozen a few times over the course of working for the defendant for many years. Defendant used a call rotation list to determine the order in which the per diem employees are offered shifts. When called, the per diem employee can select as many available or as

few shifts as she wants.

The EEOC has promulgated regulations relating to whether a function is essential to a job. "While these regulations are not binding, they provide [courts] with guidance in interpreting the ADA." Ryan v. Grae & Rybicki, P.C., 135 F.3d 867, 870 (2d Cir. 1998). The regulations consider the following factors in determining whether a function is essential to a job:

(2) A job function may be considered essential for any of several reasons, including but not limited to the following:

(i) The function may be essential because the reason the position exists is to perform that function;

(ii) The function may be essential because of the limited number of employees available among whom the performance of that job function can be distributed; and/or

(iii) The function may be highly specialized so that the incumbent in the position is hired for his or her expertise or ability to perform the particular function.

(3) Evidence of whether a particular function is essential includes, but is not limited to:

(i) The employer's judgment as to which functions are essential;

(ii) Written job descriptions prepared before advertising or

interviewing applicants for the job;

(iii) The amount of time spent on the job performing the function;

(iv) The consequences of not requiring the incumbent to perform the function;

(v) The terms of a collective bargaining agreement;

(vi) The work experience of past incumbents in the job; and/or

(vii) The current work experience of incumbents in similar jobs.

29 C.F.R. § 1630.2(n). "Plainly, the considerations set out in this regulation are fact-intensive. Usually no one listed factor will be dispositive, and the regulations themselves state that the evidentiary examples provided are not meant to be exhaustive.

The job advertisement did not identify mandatory working every shift. The job advertisement stated that the per diem employee can pick her shift. The written job did not mandate working back-to-back shifts. Having a staff of per diems on a call rotation list allowed the defendant to easily and quickly bring in an employee to cover an upcoming shift. Freeze out was a rare occurrence. Plaintiff worked for defendant for years prior to requesting the accommodation (no third shift work) and rarely had to work a freeze out. Defendant's explanation given to plaintiff for why it could not accommodation the removal of the third shift from her schedule was: what

they do for one employee has to be available to other employees and that they cannot play favorites. Defendant's explanation for rejecting the accommodation is inconsistent with its after-the-fact argument that the request amounted to a request to eliminate an essential function of the job.

The District Court found no genuine issues of material fact on the issue of qualified. Plaintiff respectfully disagrees. The modification of the work schedule did not amount to an elimination of essential function of the position. The evidence presented established a genuine issue of material fact for the jury to decide.

The District Court found no issue of material fact on the issue of adverse employment action. A reduction in work hours can constitute a materially adverse employment action. Hurt v. Donahoe, 2011 WL 10526984 (E.D.N.Y. Feb. 24, 2011) aff'd, 464 Fed. Appx. 40 (2d Cir. 2012).

Plaintiff testified that after submitting her accommodation request, the defendant told her that she would be working first shift and would not receive as many hours. Plaintiff testified that she ultimately worked fewer hours and lost income. She worked fewer hours and earned less wages because defendant refused to permit plaintiff to work the second shift. At the summary judgment stage, the District Court must decide whether an issue of material exists for the jury to decide as opposed to deciding the

issue of fact even where the Court is skeptical of the evidence. Plaintiff respectfully submits that the District Court in foreclosing an issue of fact on the adverse employment action.

The District Court held that even if a prima facie case was established, the disability discrimination must fail because plaintiff cannot prove pretext.  Not every discrimination claim requires proof of pretext. Pretext is a non-issue in cases where there can be no legitimate dispute of the disability being the reason for the adverse action.

Pretext is a reason given in justification of an adverse employment decision that is not the real reason. Pretext is used in cases relying on circumstantial evidence to prove intentional discrimination.  Pretext is where the defendant offers a legitimate, non-discriminatory explanation for the adverse employment action.  Plaintiff then has to prove that the non-discriminatory explanation lacks credibility and is being used to cover up a discriminatory motivation.  "When the reason given by the employer for the adverse employment action is unrelated to the employee's disability, the McDonnell Douglas approach can be used to weed out non-viable claims of discrimination based on circumstantial evidence." McMillan v. City of New York, 711 F.3d 120, 128 (2d Cir.2013)(emphasis added); see also,  Gaither v. Stop & Shop Supermarket Co., LLC, 84 F.Supp.3d 113, 120

13

(D.Conn.2015)( McDonnell Douglas framework does not apply because there is no factual dispute that Plaintiff was terminated because of her pregnancy-related medical restrictions and the primary question is a legal one: whether this termination was prohibited under CFEPA.)

Here, Defendant cannot escape from the fact that plaintiff was denied the second shift because as defendant now argues she was allegedly not qualified due to her disability preventing her from working the third shift. Defendant offers no other explanation presently. However, at the time defendant rejected the accommodation, the explanation offered was that it could not play favorites. If defendant were to accommodate plaintiff then it would have to give the same accommodation to everyone else. If this rationale would be considered a legal basis for denying a reasonable accommodation for an employee's disability, then employers could routinely reject accommodation requests without running afoul of the ADA. It is a legal basis for denying an accommodation. In fact, it is evidence of discriminatory intent. Summary judgment should have been denied on the disability discrimination count.

### B. Failure to Accommodate

ADA defines discrimination to include the failure to provide a reasonable accommodation, see 42 U.S.C. § 12112(b)(5)(A). A plaintiff

asserting a claim for discrimination based on a failure to accommodate need only show that "(1) he is disabled within the meaning of the ADA; (2) his employer is a covered entity; (3) he could perform the essential functions of his job with an accommodation; and (4) the defendants refused to provide such an accommodation despite being on notice." Fox v. Costco Wholesale Corp., 918 F.3d 65, 73 (2d Cir. 2019) (quoting McBride v. BIC Consumer Prods. Mfg. Co., Inc., 583 F.3d 92, 96-97 (2d Cir. 2009)); see also Nazario v. Promed Pers. Servs. NY Inc., No. 15-CV-06989 (LGS), 2017 WL 2664202, at n.1 (S.D.N.Y. June 19, 2017) ("The failure to accommodate provision in § 12112(b)(5)(A) deals with state of mind implicitly by excusing the adoption of accommodations that are unreasonable or would cause undue hardship."); accord Peebles v. Potter, 354 F.3d 761, 766 (8th Cir. 2004) ("a claim against an employer for failing to reasonably accommodate a disabled employee does not turn on the employer's intent or actual motive"); Punt v. Kelly Servs., 862 F.3d 1040, 1047-48 (10th Cir. 2017) (failure to accommodate claims do not require evidence of discriminatory intent); Freadman v. Metropolitan Property & Casualty Ins. Co., 484 F.3d 91, 102 (1st Cir.2007) (citing elements under ADA); see also Rodal v. Anesthesia Group of Onondaga, P. C., 369 F.3d 113, 118 (2d Cir.2004) (same); Ezikovich v.

15

Commission on Human Rights & Opportunities, supra, 57 Conn.App. at 774, 750 A.2d 494 (same).

The establishment of the prima face case then shifts the burden to the defendant. Defendant must show that the accommodation would impose an undue hardship on its business. Freadman v. Metropolitan Property & Casualty Ins. Co., supra, at 103.

There is no dispute that plaintiff has a disability within the meaning of ADA and defendant is a covered employer under the ADA. For the reasons set forth in the disability discrimination section of the brief, plaintiff was qualified to perform the essential functions of the job with a reasonable accommodation.

Plaintiff's burden is not heavy at the prima face stage: "It is enough for the plaintiff to suggest the existence of a plausible accommodation, the costs of which, facially, do not clearly exceed its benefits." Borkowski v. Valley Cent. Sch. Dist., 63 F.3d 131, 137–38 (2d Cir.1995).

Defendant must show that the accommodation would impose an undue hardship on its business. Defendant failed to do so. Defendant had a roster of per diems to call up for coverage of shifts. In the rare instance of a potential freeze out, defendant had the per diem roster as the available resource to provide coverage for the upcoming shift. Defendant's argument

16

that there were instances where it could not find coverage and thus plaintiff would be forced to work the third shift is not supported by the evidence. One, plaintiff being frozen out had been an exceedingly rare occurrence. Thus, the risk of a freeze out was very low. Two, plaintiff asked defendant to simply have another per diem cover the third shift in the rare event of a freeze out. Defendant rejected the solution to the freeze out situation not on the basis of undue hardship. Instead, defendant rejected it on the basis that to give the accommodation to plaintiff would mean having to give it everyone else.

The reasonable accommodation determination "is necessarily fact-specific." Wernick v. Fed. Reserve Bank of N. Y., 91 F.3d 379, 385 (2d Cir. 1996). Reasonable accommodations can include "job restructuring, part-time or modified work schedules, reassignment to a vacant position, acquisition or modification of equipment or devices, appropriate adjustment or modification of examinations, training materials or policies, the provision of qualified readers or interpreters, and other similar accommodations for individuals with disabilities." Sivio v. Village Care Max, 436 F.Supp.3d 778, 790-71 (S.D.N.Y.2020), quoting 42 U.S.C. § 12111(9).

Defendant's offered alternative accommodation was unreasonable. It was unreasonable because it resulted in the denial of work hours resulting

in less pay.

Genuine issues of material fact exist as to the failure to accommodate

court.  The District Court erred in granting summary judgment.

## <u>CONCLUSION</u>

For all reasons set forth above, the decision of the U.S. District Court for the District of Connecticut should be reversed and remanded for a jury trial as the district court erred in entering judgment on all counts in favor of the Defendant.

Respectfully Submitted,

By: <u>/s/ James V. Sabatini</u>
James V. Sabatini, Esq. CT 19899
SABATINI & ASSOCIATES, LLC
One Market Square
Newington, CT 06111
Tel. No: 860-667-0839
Fax No: 860-667-0867
e-mail: jsabatini@sabatinilaw.com

## CERTIFICATE OF COMPLIANCE WITH RULE 32(a)

Certificate of Compliance with Type Volume Limitation,

Typeface Requirements and Type Style Requirements

1. This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because this brief contains 3,367 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(A)(7)(B)(iii).

2. This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using Microsoft Word 2003 in 14-point Arial font.

3. I hereby certify that a true and correct copy of the foregoing motion was served via electronic mail and U.S. Mail upon the following:

*Attorney for the Defendant-Appellee*

Gabriel J. Jiran, Esquire
Sarah A. Westby, Esquire
Shipman & Goodwin LLP
One Constitution Plaza
Hartford, CT 06103

gjiran@goodwin.com
swestby@goodwin.com

By: /s/James V. Sabatini
James V. Sabatini
Attorney for Appellant

February 2, 2023